# No. 21-16034

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

In the Matter of: SANDRA J. TILLMAN,

Debtor,

UNITED STATES OF AMERICA,

Appellant,

v.

LAWRENCE J. WARFIELD, Trustee, and SANDRA J. TILLMAN,

Appellees.

ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF ARIZONA

APPELLANT'S RESPONSE TO APPELLEE'S PETITION
FOR PANEL AND EN BANC REHEARING

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

FRANCESCA UGOLINI          (202) 514-3361
ELLEN PAGE DELSOLE         (202) 514-8128
MATTHEW S. JOHNSHOY        (202) 616-1908
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
GARY M. RESTAINO
  *United States Attorney*

# TABLE OF CONTENTS

**Page**

Table of contents..............................................................i

Table of authorities .......................................................ii

Glossary .......................................................................iv

Introduction ................................................................. 1

Statement..................................................................... 2

Argument ..................................................................... 5

Rehearing is not warranted because the majority
correctly interpreted § 724(a) ................................. 5

A.   The majority's opinion is well reasoned and correct ..... 5

B.   The majority's opinion does not conflict with
precedent ................................................................ 14

1.   The trustee does not actually argue that
*Hutchinson* forecloses the majority's decision
on § 724(a), and *Hutchinson* does not ................. 14

2.   This Court should reject the trustee's new
argument on rehearing that the debtor has
forfeited her homestead exemption ................... 16

3.   The majority's decision does not conflict with
this Circuit's opinions in *Noblit* and *Glass*......... 18

4.   *Staake* predates the Bankruptcy Code and
says nothing about whether § 724(a) lien
avoidance is allowed as to exempt property....... 19

5.   The majority's opinion is true to *DeMarah* ........ 19

6.   The majority's opinion does not conflict with
the snapshot rule ............................................. 20

Conclusion.................................................................. 21

-ii-

# TABLE OF AUTHORITIES

**Cases:**                                                 **Page(s)**

*Barapind v. Enomoto*,
400 F.3d 744 (9th Cir. 2005) (en banc) .....................................16

*DeMarah v. United States (In re DeMarah)*,
62 F.3d 1248 (9th Cir. 1995)....................................6-8, 13, 19-20

*Einstein/Noah Bagel Corp. v. Smith (In re BCE W., L.P.)*,
319 F.3d 1166 (9th Cir. 2003)......................................................5

*Escobar Ruiz v. INS*,
813 F.2d 283 (9th Cir. 1987)......................................................16

*First Nat'l Bank of Baltimore v. Staake*,
202 U.S. 141 (1906)...................................................................19

*Fox v. Smoker (In re Noblit)*,
72 F.3d 757 (9th Cir. 1995)........................................................18

*Gladstone v. U.S. Bancorp*,
811 F.3d 1133 (9th Cir. 2016)........................................10-11, 15

*Glass v. Hitt (In re Glass)*,
60 F.3d 565 (9th Cir. 1995)........................................................18

*Hutchinson v. IRS (In re Hutchinson)*,
15 F.4th 1229 (9th Cir. 2021) ....................................4-5, 8, 14-16

*Masingale v. Munding (In re Masingale)*,
644 B.R. 530, 2022 WL 16632954
(B.A.P. 9th Cir. 2022) ................................................................20

*Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*,
764 F.3d 1168 (9th Cir. 2014)..........................................9, 11, 15

*Owen v. Owen*,
500 U.S. 305 (1991)..............................................................11-12

*Schwaber v. Reed (In re Reed)*,
940 F.2d 1317 (9th Cir. 1991).......................................................9

*Seror v. Kahan (In re Kahan)*,
28 F.3d 79 (9th Cir. 1994)....................................................10, 15

*United Sav. Ass'n of Tex. v. Timbers of Inwood*
*Forest Assocs., Ltd.*,
484 U.S. 365 (1988)....................................................................5

*Wilson v. Rigby*,
909 F.3d 306 (9th Cir. 2018)......................................................20

-iii-

**Cases (cont'd):**                                             **Page(s)**

*Wolfe v. Jacobson (In re Jacobson),*
    676 F.3d 1193 (9th Cir. 2012)....................................................16
*Woodson v. Fireman's Fund Ins. Co. (In re Woodson),*
    839 F.2d 610 (9th Cir. 1988)...........................................11, 15

**Statutes:**                                                      **Page(s)**

Bankruptcy Code (11 U.S.C.):

§ 502 ............................................................................................6
§ 522 ....................................................................................1, 9-10
§ 522(b)(1) ..................................................................................9
§ 522(b)(2) ................................................................................10
§ 522(c)(2)(B) ............................................1-2, 4, 7-8, 18
§ 522(i)(2) ..................................................................................15
§ 541 ....................................................................................9-10
§ 541(a) ......................................................................................10
§ 541(a)(1) ..................................................................................9
§ 541(b) ....................................................................................10
§ 551 ....................................................................................4, 14
§ 724 ............................................................................................6
§ 724(a)........................................................1-8, 13-16, 18-20
§ 726(a)(4) ..................................................................................6

# GLOSSARY

| | |
|---|---|
| Bankruptcy Court | United States Bankruptcy Court for the District Arizona |
| Code | Bankruptcy Code (11 U.S.C.) |
| Debtor | Sandra Tillman |
| District Court | United States District Court for the District of Arizona |
| ER | Excerpts of record |
| Government | United States of America, appellant |
| IRS | Internal Revenue Service |
| Op. | The opinion issued by the panel in this case |
| Pet. | The petition for panel rehearing and rehearing en banc filed by the trustee |
| Trustee | Lawrence Warfield, appellee |

# INTRODUCTION

This case does not warrant panel rehearing or rehearing en banc. The panel correctly held (Op. 1, 26) that a Chapter 7 trustee may not use § 724(a) to avoid an IRS tax lien for penalties attached to the debtor's *exempt* property.[1] The majority's interpretation of § 724(a) is firmly based on the statutory text and makes sense when the statutory scheme is viewed holistically. To allow the trustee to use § 724(a) to avoid a tax lien on property already exempted by the debtor under § 522 (and thereby removed from the bankruptcy estate) would allow the trustee to do precisely what he is not allowed to do under the Code— reach the debtor's exempt property and impair the debtor's fresh start. Moreover, as the majority recognized, § 522(c)(2)(B) makes clear that the Government retains a tax lien on any exempt property the debtor receives. (Op. 18 n.4, 23.) The lower courts failed to correctly apply § 522(c)(2)(B)—instead taking a view that improperly nullified the Government's post-bankruptcy lien rights that the statute expressly protects—and, in turn, failed to recognize that their interpretation of

---

[1] Unless otherwise indicated, section references are to the Bankruptcy Code (11 U.S.C.).

§ 724(a) would cause the debtor's exemption to be improperly reduced twice by the amount of the same tax lien (creating a double reduction problem). (*See* Op. 23.) The panel's reading of § 724(a) avoids that pitfall and fits with the established meaning of § 522(c)(2)(B). (Op. 24.)

As the panel correctly concluded (Op. 1, 18), the question on which the trustee seeks rehearing—whether a tax lien for penalties on *exempt* property can be avoided using § 724(a)—is one of first impression in this Circuit. Indeed, even the trustee acknowledges that "[t]he precise issue before the Court is an issue that has not previously been addressed by this Court, or by any other circuit court of appeals." (Pet. 1.) The trustee's petition simply seeks to reargue his contention that he should be allowed to reach the debtor's exempt property using § 724(a). None of his arguments are availing or warrant rehearing. The panel's decision is correct and does not conflict with any precedent of the Supreme Court or this Court. The petition for rehearing should be denied.

## STATEMENT

This case relates to a Chapter 7 bankruptcy filed by Sandra Tillman, the debtor, in Arizona. (ER-126–27.) She claimed and was

allowed a homestead exemption of $150,000 in value by the Bankruptcy Court, but her homestead exemption remained encumbered by a pre-existing tax lien for penalties.[2] (ER-61, 68, 95.) The trustee then filed an adversary proceeding to avoid the tax lien for penalties on the debtor's exempt homestead interest using § 724(a). (ER-98–106.) The Bankruptcy Court concluded the trustee could avoid the tax lien for penalties using § 724(a). (ER-38–55.) In so holding, the Bankruptcy Court also held that, after avoidance, the Government would no longer possess a tax lien on the debtor's exempt property from which it could collect post-bankruptcy. (ER-55; *see also* ER-39.) The District Court affirmed. (ER-4–26.)

This Court reversed. The panel majority concluded (Op. 1, 26) that a trustee cannot avoid a tax lien attached to *exempt* property using § 724(a), as the trustee sought to do. The majority reasoned (Op. 14) that "§ 724(a) concerns the trustee's avoidance of qualifying liens attached to the *property of the estate* at the time of *distribution*."

---

[2] The Bankruptcy Court assumed, without deciding, that the tax lien secured only tax penalties. (ER-40 n.8, ER-45 n.40.) The Government still contends the lien also secures a minor amount of interest on tax.

-4-

"[B]ecause exempt property is not 'property of the estate' that can be 'distributed'" (Op. 15), but instead is removed from the estate before distribution (Op. 10-12 & n.2), it follows that "a trustee may not avoid a lien under § 724(a) … attached to exempt property which is no longer property of the estate."[3]  (Op. 15.)  In its analysis, the majority also concluded (Op. 18 n.4, 23) that the Bankruptcy Court failed properly to apply § 522(c)(2)(B) and thereby improperly nullified the Government's post-bankruptcy lien rights.  The majority determined (Op. 15-22) that its decision was consistent with this Court's prior precedents, including *Hutchinson v. IRS (In re Hutchinson)*, 15 F.4th 1229 (9th Cir. 2021), which "did not present … the question of whether § 724(a) could be used to avoid a lien on exempt property."  (Op. 24.)

Judge Bumatay filed a dissenting opinion that disagreed with the majority's reasoning, not only as to its interpretation of § 724(a), but also about underlying bankruptcy principles.  (*See* Op. 27-34.)  In his

---

[3] Because the majority held that "§ 724(a) does not allow the Trustee to avoid a lien on exempt property," the majority concluded that § 551, a provision that automatically preserves avoided liens for the estate, "does not apply here and we need not construe the provision." (Op. 17 n.3.)

view (Op. 35), the majority "depart[ed] from precedent" because *Hutchinson* decided the § 724(a) issue.

## ARGUMENT

### Rehearing is not warranted because the majority correctly interpreted § 724(a)

#### A.    The majority's opinion is well reasoned and correct

The majority's meticulous and well-reasoned opinion correctly concluded that § 724(a) cannot be used to avoid tax liens for penalties on the debtor's *exempt* property.  That holding is firmly grounded in the statutory text and makes sense in the context of the Bankruptcy Code as a whole.

Statutory construction requires more than merely looking at the text of § 724(a), a single sentence, in isolation.  As the majority's opinion noted, (*see* Op. 13):  "Statutory construction of the Bankruptcy Code is 'a holistic endeavor' requiring consideration of the entire statutory scheme."  *Einstein/Noah Bagel Corp. v. Smith (In re BCE W., L.P.)*, 319 F.3d 1166, 1171 (9th Cir. 2003) (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) (Scalia, J.)); *see also Timbers of Inwood*, 484 U.S. at 371 (looking to "other provisions, and the substantive dispositions that they effect").

-6-

Thus, the majority was right to interpret the text of § 724(a) in light of other relevant Code provisions and consider the result of competing interpretations.

As the majority explained (Op. 13-14), § 724 as a whole deals with treatment of liens at the time of distribution to creditors, and § 724(a) permits avoidance only of a lien that secures a claim of a kind specified in § 726(a)(4), which by its terms makes clear that it pertains only to property of the estate. Reading § 724 and § 726(a)(4) together, along with § 502's definition of an allowed claim, the majority concluded that "it is clear" that § 724 only allows "the trustee's avoidance of qualifying liens attached to the *property of the estate* at the time of *distribution.*" (Op. 14.)

The majority's reading makes sense when viewed with other aspects of the Code. If the avoidance the trustee sought were allowed, the trustee could reach the debtor's exempt property and thereby impair her fresh start—which is precisely what the trustee is not allowed to do. *See DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1250 (9th Cir. 1995) (exempt property "may not be reached by the trustee in bankruptcy"). Moreover, the majority's reading of § 724 is the only

-7-

reading that makes sense with the established meaning of
§ 522(c)(2)(B), which is that tax liens remain on exempt property post-
bankruptcy. *See DeMarah,* 62 F.3d at 1251. When § 522(c)(2)(B) is
given its proper effect—which the majority's decision ensures—it
becomes clear that allowing the trustee to avoid a lien on exempt
property not only impairs the debtor's exemption but also means the
exemption can be reduced twice by the same lien: once, when the value
of the exemption is reduced by the amount of the lien in bankruptcy,
and again, when the debtor is required to pay off the remaining lien
post-bankruptcy from exempt property. (*See* Op. 23-24.) As the
majority held, a double reduction would be a "perverse result," (Op. 25),
and as such, it "cannot be what is intended," (Op. 24).

Thus, the majority adopted an interpretation of § 724(a) that fits
with all of the Code's provisions and "provides that the Debtor will be
subject to the IRS tax lien [only] once—as a surviving lien on her
homestead exemption." (Op. 25.)

While the majority's reasoning reflects a sound reading of the
statutory text, the dissent's contrary reasoning does not. The dissent's
assertion (Op. 27-28), that the majority failed to "follow the text" and

improperly "nullifies" the trustee's § 724(a) power due to the majority's "concerns over the consequences of avoidance" and the "troubling result" of double payment, is misconceived. The majority did not nullify § 724(a). It correctly read it together with other Code provisions and drew the textually sound conclusion that, when read in statutory context, its application was limited to property of the estate. Section 724(a) is not nullified; it may still be used by the trustee to avoid liens on *nonexempt* property.[4] (Op. 25.) And the majority corrected the improper nullification of § 522(c)(2)(B), that resulted from the lower courts' holdings. (Op. 18 n.4, 23.)

The majority and dissenting opinions also diverge on some basic principles of bankruptcy law, particularly whether the bankruptcy estate evolves and at what point in time exempt property leaves the

---

[4] Indeed, this Court previously "*assume[d], without deciding*" that a trustee's avoidance power was limited to tax liens for penalties on "*nonexempt property.*" *DeMarah*, 62 F.3d at 1251 n.2, 1252 (emphasis added). The majority here simply adopted the result that *DeMarah* first suggested. As the majority explained, its "holding does not disturb the application of § 724(a) to non-exempt property of the estate and is consistent with our recognition that 'Congress could logically have wanted to allow tax penalties to be avoided if that would benefit unsecured creditors,' while 'eschew[ing] benefiting debtors who incurred those penalties by failing to pay their taxes.'" (Op. 25 (quoting *Hutchinson*, 15 F.4th at 1233 (quoting *DeMarah*, 62 F.3d at 1252)).)

estate.  The majority is correct that the "[p]roperty interests held by the estate evolve over the course of bankruptcy proceedings."  (Op. 10.)  When a bankruptcy estate is filed, § 541(a)(1) initially brings into the estate "all legal or equitable interests of the debtor in property as of the commencement of the case."  But § 541 is not the final word.  In an individual bankruptcy, the initial property of the estate is reduced by the debtor's allowed exemptions under § 522.  Section 522(b)(1) provides that it applies "[n]otwithstanding [S]ection 541," and it explicitly allows the debtor to exempt property "from property of the estate."  "[O]nce a Debtor is allowed the exemption … [it] revests in the Debtor and is no longer part of the bankruptcy estate."  *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1321 (9th Cir. 1991); *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1174-76 & n.4 (9th Cir. 2014) (explaining exempt property interests are "removed" from the estate and "immediately" revest in the debtor).[5]

---

[5] The temporal language, recognizing that exempt property "immediately" revests in the debtor, further demonstrates that the property of the estate is changing over time, as the bankruptcy continues.

-10-

This means that it is both §§ 541 and 522 that together define what pre-bankruptcy property remains property of the estate throughout an individual bankruptcy. *Seror v. Kahan (In re Kahan)*, 28 F.3d 79, 81 (9th Cir. 1994) (citing 11 U.S.C. §§ 541(a), 522(b)(2)) ("The bankruptcy estate includes all of the debtor's interests in property at the commencement of the case, except property that the debtor elects to exempt …."); *see also Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1139 (9th Cir. 2016) ("[P]roperty falls within the reach of § 541(a), unless excluded by § 541(b) or properly exempted under § 522."); *id.* at 1142 ("The second method by which property may be removed from the bankruptcy estate is by exemption under § 522."). The majority's approach is thus true to both the text of the relevant Code provisions and consistent with precedent.

In contrast, the dissent argues that the estate does not evolve and that all original property of the estate, including exempt property, is not removed "until distribution" at the end of the case.[6]  (Op. 31-32, 34.) The dissent's view on this point appears to be based on the mistaken

_____

[6] The trustee (Pet. 6, 13-14) makes the same argument that exempt property is not "removed" from the estate.

-11-

belief that "the [Supreme] Court only describes exempt property as protected from pre-petition debts, but not wholly *removed* from the bankruptcy estate." (Op. 31-32 (emphasis added).) But the Supreme Court has explained that "[a]n exemption is an interest *withdrawn* from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308 (1991) (emphasis added). The Court further explained in *Owen* that a debtor's property *passes to the estate* at commencement but then *passes from the estate* to the debtor "through the claim of an exemption." (*See id.* at 308-09.) *Owen* thus disproves the twin notions, on which the dissent relied, that the estate does not evolve and that exempt property is not removed from the estate. This Court's precedent, moreover, is consistent with *Owen* on this point. *See, e.g.*, *Mwangi*, 764 F.3d at 1174-76 & n.4 (explaining exempt property is "removed" from the estate and "immediately revests in the debtor"); *Gladstone*, 811 F.3d at 1142 (stating exemptions "remove" property from the estate); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 616 n.8 (9th Cir. 1988) (same).

The dissent also errs in assuming that the Government's tax lien is property of the estate—even before it is avoided. (Op. 31, 32, and 34.)

-12-

A lien is a property interest owned by a *creditor*—the lien does not belong to the debtor at the bankruptcy's commencement.[7]  Indeed, *Owen* explains that a mortgage—perhaps the quintessential lien interest—does not become estate property until it has been avoided. *Owen*, 500 U.S. at 309.  Thus, liens start as "an interest originally not within the estate." *Owen*, 500 U.S. at 309.  "Only where the Code empowers the court to avoid liens or transfers can *an interest originally not within the estate* be passed to the estate, and subsequently (through the claim of an exemption) to the debtor." *Id.* (emphasis added).

Applying the above precedents to the dissent's pie analogy, upon exemption, the debtor's exempt slice of the homestead pie left the estate and was—from then on—*off the table* for the trustee and other creditors (*i.e.,* beyond their reach).  But the Government's tax lien for penalties remained on both the debtor's exempt slice and on any other nonexempt pie that remained property of the estate.  Post-exemption, the estate contained only the nonexempt portion of the pie, and that was fully consumed by the bank's mortgage—leaving no crumbs for the other

---

[7]  On this, the trustee agrees.  (Pet. 7 ("The debtor does not own the creditor's lien ….").)

creditors (and no value attributable to the tax lien that remained on the nonexempt portion to make it worth avoiding).[8]  The only way the trustee could obtain any additional value (pie) for unsecured creditors was by taking from the debtor's exempt slice.  That is not allowed. *DeMarah*, 500 U.S. at 1250.

The trustee and the dissent are thus both mistaken in their shared view that exempt property is not removed from the estate.  And their shared view that the majority got it wrong rests on that flawed foundation.  In contrast, the majority's opinion rests on a correct analysis of the underlying bankruptcy principles, which fully support the majority's holding that a trustee may only use § 724(a) to avoid a lien to the extent it is attached to *nonexempt* property.

In short, the majority got it right.  The majority's opinion is well-reasoned and its holistic interpretation of § 724(a) makes sense—it protects both the rights of debtors to their exempt property and the special rights of tax creditors to collect from exempt property post-bankruptcy.

---

[8] Avoiding a valueless lien on the *nonexempt* proceeds would be a meaningless act that would not benefit the estate, and thus, any costs of doing so would diminish the estate.

-14-

**B.**   **The majority's opinion does not conflict with precedent**

    **1.**   **The trustee does not actually argue that *Hutchinson* forecloses the majority's decision on § 724(a), and *Hutchinson* does not**

Perhaps recognizing the weakness in the dissent's suggestion that the majority opinion conflicts with *Hutchinson,* the trustee does not actually argue (Pet. 9) that *Hutchinson* foreclosed the majority's decision regarding § 724(a).[9]  To the contrary, the trustee agrees that the issue here of interpretation of § 724(a) is one of first impression for this Court (and any circuit).  (Pet. 1.)  Instead, the trustee makes the curious argument (Pet. 9) that in *Hutchinson*, "[t]his Court confirmed that property of the estate was determined at the commencement of the case."  And he quotes *Hutchinson*'s discussion of § 551 for that proposition.  (Pet. 9 (quoting *Hutchinson*, 15 F.4th at 1234).)  But that proposition in no way conflicts with the majority's opinion.  The majority recognized (Op. 10-12 & n.2) that pre-bankruptcy property of the debtor does indeed become property of the estate at the

---

    [9] The trustee notes that the dissent found a "difficulty in reconciling [the majority's] decision with *Hutchison*."  (Pet. 9 (citing Op. at 35).)  But that is as far as the trustee goes.

-15-

commencement of the case, but then also recognized that the debtor's exempt property is removed from the estate when the exemption is allowed.  In short, the proposition cited, that a debtor's property is property of the estate at commencement, actually reflects common ground, not a contradiction.[10]

In any case, the majority correctly rejected the dissent's suggestion that *Hutchinson* decided the § 724(a) issue that is determinative here.  (Op. 19-22, 35.)  The majority correctly found the *Hutchinson* panel was "not called upon to resolve any dispute as to the applicability of the § 724(a) issue."  (Op. 22.)  Rather, as the majority recounts, the Government had stipulated to lien avoidance with the trustee (Op. 19), and "[t]he debtors did not contest the [stipulation]," (Op. 20).  Instead, "the debtors accepted the premise" (Op. 21), and "argued that they should be able to parlay the government and trustee's § 724(a) avoidance agreement into assets for themselves by using § 522(i)(2)" to "preserve the avoided lien for the benefit of the debtors."

---

[10] Nor could *Hutchinson* have held that exempt property is forever property of the estate—and not removed from the estate—since that would conflict with earlier precedent.  *See, e.g.*, *Mwangi*, 764 F.3d at 1174-76 & n.4; *Kahan*, 28 F.3d at 81; *see also Gladstone*, 811 F.3d at 1139, 1142; *Woodson*, 839 F.2d at 616 n.8.

-16-

(Op. 20.)  Given no disagreement on the stipulated premise, "no argument was presented" as to the interpretation of § 724(a).  (Op. 21.) Thus, this Court in *Hutchinson* "had no occasion nor any need to address the question."[11]  (Op. 22.)

> ## 2. This Court should reject the trustee's new argument on rehearing that the debtor has forfeited her homestead exemption

The trustee raises an entirely new argument on rehearing that the debtor's "homestead exemption in the lien proceeds has been forfeited" and that the panel's decision therefore contradicts *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193 (9th Cir. 2012).  (Pet. 11.) This Court ordinarily does not entertain new arguments on rehearing, absent extraordinary circumstances.  *See Escobar Ruiz v. INS*, 813 F.2d 283, 285-86 (9th Cir. 1987).  There are no extraordinary circumstances here.

---

[11] An issue must first be "presented for review" before any statement on that issue is precedential.  *See Barapind v. Enomoto*, 400 F.3d 744, 750 (9th Cir. 2005) (en banc) (holding that statements on an "issue presented for review" are precedential even if they were not technically necessary to the court's ultimate decision).  Nor could any statements in *Hutchinson* regarding § 724(a) even be considered well-reasoned dicta, since they lack critical analysis or the consideration of competing arguments and authorities.

The Government does not agree with the trustee's speculative analysis that the debtor's exemption has now been forfeited, based on the passage of time without the debtor reinvesting proceeds in a new homestead. At the very least, the argument needs to first be raised in the Bankruptcy Court so that it can determine the relevant facts.[12] As things currently stand, all that is clear is that the debtor's exemption has been allowed by a court order, and the availability of the exemption has not been revisited. Thus, for this Court's purposes in considering rehearing, the debtor still has her exemption.

In any event, this argument should be viewed as waived on appeal, because the trustee could have raised it far earlier thereby putting all interested parties on notice that he was going to contend the passage of time may become an issue. Indeed, the date he contends the debtor's exemption lapsed (eighteen months from July 29, 2020) would

---

[12] Notably, the trustee does not actually state the debtor did not reinvest the portion of the exempt funds she already received—he merely asserts that eighteen months have elapsed. Nor does the trustee acknowledge that the debtor has not yet received all of her exempt funds because he (the trustee) still holds a significant portion. And it seems implausible that any time limit could either start or expire before the debtor has even received her exempt funds. This argument is not even one ripe for appeal, let alone an appropriate ground for rehearing.

-18-

have been January 29, 2022, a date nearly a month before the trustee filed his answering brief on February 25, 2022, and months before oral argument on July 5, 2022.

> **3.  The majority's decision does not conflict with this Circuit's opinions in *Noblit* and *Glass***

The trustee raises another new argument (Pet. 8-9) contending that the majority's decision conflicts with *Fox v. Smoker (In re Noblit)*, 72 F.3d 757 (9th Cir. 1995), and *Glass v. Hitt (In re Glass)*, 60 F.3d 565 (9th Cir. 1995).  This argument is waived, because it was not raised previously.  In any event, there is no conflict.  Neither of those decisions address § 724(a) or apply to a situation in which the debtor herself has already successfully asserted and been allowed her exemption.  The Government did not assert an unasserted exemption as a defense; rather, it merely argued how the allowed exemption affected the parties' rights.  As the majority makes clear, a lien attached to *exempt* property may not be avoided by the trustee using § 724(a), and § 522(c)(2)(B) ensures the Government may collect from exempt property post-bankruptcy.

### 4. *Staake* predates the Bankruptcy Code and says nothing about whether § 724(a) lien avoidance is allowed as to exempt property

The trustee claims that the panel's decision as to § 724(a) contradicts the Supreme Court's 1906 decision in *First Nat'l Bank of Baltimore v. Staake*, 202 U.S. 141 (1906), but there is no contradiction. *Staake* long predates the modern Bankruptcy Code, and it says nothing about how to apply § 724(a), nor does it deal with exempt property.[13] *Staake* is inapposite.

### 5. The majority's opinion is true to *DeMarah*

The trustee is simply wrong to suggest (Pet. 7-8) that the majority's opinion conflicts with *DeMarah*. The majority cites to, relies on, and correctly applies *DeMarah*. And the language the trustee cites (Pet. 7) is not remotely problematic. The majority's opinion here does not hold that a debtor can exempt a tax lien—the lien is creditor's property. What the majority holds (Op. 25-26) is that § 724(a) can only be used to avoid a lien attached to *nonexempt* property. That holding does not conflict with *DeMarah*. Rather, the majority here adopted the

---

[13] The trustee's reliance on *Staake* is also misplaced because of other differences between the Bankruptcy Act and the Bankruptcy Code.

-20-

very same limitation on avoidance actions by trustees that the

*DeMarah* opinion "assume[d], without deciding," would apply.  *See* 62

F.3d at 1251 n.2, 1252; note 3, *supra*.  There is no conflict.

### 6. The majority's opinion does not conflict with the snapshot rule

The trustee argues (Pet. 6) that the majority's opinion conflicts

with the snapshot rule discussed in *Wilson v. Rigby*, 909 F.3d 306 (9th

Cir. 2018).[14]  The trustee is mistaken.  The snapshot rule only fixes the

amount of a debtor's exemption on the date of the petition; it does not

fix what is property of the estate throughout a bankruptcy.  *See id.*

There is no conflict.

Accordingly, the majority's opinion does not conflict with this

Court's or Supreme Court precedent.  Rehearing is not warranted.[15]

---

[14] The trustee also mistakenly suggests *Masingale v. Munding (In re Masingale)*, 644 B.R. 530, 2022 WL 16632954 (B.A.P. 9th Cir. 2022), is a case from this Court.  It is not.

[15] Space limitations do not allow a point-by-point rebuttal of the trustee's remaining drive-by arguments.  But there is no need to specifically address the other arguments.  Most do not directly address the interpretation of § 724(a), and none establishes a conflict warranting rehearing.

## CONCLUSION

This Court should deny panel and en banc rehearing.


Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Matthew S. Johnshoy

FRANCESCA UGOLINI            (202) 514-3361
ELLEN PAGE DELSOLE           (202) 514-8128
MATTHEW S. JOHNSHOY          (202) 616-1908
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
GARY M. RESTAINO
  *United States Attorney*

DECEMBER 21, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** _____21-16034_____

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached

petition for panel rehearing/petition for rehearing en banc/response to

petition is *(select one)*:

[X ] Prepared in a format, typeface, and type style that complies with
  Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of
  words:**_____4,197_____.
  *(Petitions and responses must not exceed 4,200 words)*

**OR**

[  ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed
  15 pages.


**Signature** _____/s/  Matthew S. Johnshoy_____ **Date**_____12/21/22_____